LOTTINGER, Judge.
This is a suit wherein the plaintiff bank seeks to recover from the defendant, Harry B. Terrell, Jr., the sum of $1,008.52, with interest and attorney fees, representing the balance due on a promissory note made by defendant and held by plaintiff. The petition recites that the note was secured by chattel mortgage on a 1956 model Studebaker automobile and concludes with a prayer seeking the recognition and enforcement of its lien.
The defendant first answered denying all material allegations of the petition. Subsequently, a second answer was filed which admitted all of the allegations of plaintiff’s petition, and, assuming the position of third party complainant, the defendant sought to join Ligón and Company, the dealer from whom he had purchased the Studebaker automobile, alleging that same was defective and praying for judgment against Ligón and Company in the same amount as any judgment that might be rendered against him in favor of the bank.
Exceptions of no right or cause of action were filed by Ligón and Company. The minutes of July 16, 1958 reflect the following:
“After hearing argument of counsel the Court ruled in favor of Clinton Bank & Trust Company in the amount prayed for and informal judgment to be signed later, sustaining said exception. Further ordered that defendant be given permission to file a new petition against Ligón & Co.”
Judgment was subsequently read and signed in favor of the bank and against the defendant. This judgment made no mention of Ligón and Company and no judgment appears to have ever been signed sustaining the exceptions filed by it.
Following the signing of the formal judgment against the defendant the latter petitioned for and was granted an appeal. The order of appeal provides for citation on the Clinton Bank & Trust Com *825 pany through its attorney; however, the record fails to reflect where either the bank or its attorney was cited, nor was Ligón and Company mentioned in the order or cited.
By way of exceptions filed before us Ligón and Company contends that defendant’s appeal is premature because there is no judgment that was signed dismissing the third party petition and, further, that the motion for appeal was not made in open court and no citation of appeal was served on Ligón and Company. The plaintiff bank has answered the appeal seeking an additional ten percent of the amount of the judgment as damages for frivolous appeal.
In the defendant’s petition for an appeal he alleges:
“That a judgment in favor of Clinton Bank & Trust Company was rendered herein on the-day of July 1958 and was signed on the 24 day of July, 1958; that said judgment is contrary to the law and the evidence, in that defendant had made Ligón and Company a third party defendant and in rendering the aforesaid judgment this Honorable Court sustained an exception of no cause or right of action filed on behalf of Ligón and Company as to the said third party complaint; that said ruling is contrary to the law; that defendant is aggrieved thereby and desires to appeal therefrom both devolutively and suspensively to the Court of Appeal, First Circuit of the State of Louisiana.”
As the matter stands no appealable judgment was ever rendered and signed sustaining the exceptions. The only judgment that the defendant could appeal from is the one rendered and signed in favor of the plaintiff. This is the only judgment before us. Now since the defendant has admitted all of the allegations of plaintiff’s petition, same must be affirmed.
Since the judgment sustaining the exception was never signed and since an appeal cannot be lodged on an unsigned judgment it will be necessary to have said judgment signed and then an appeal taken from same.
The claim for damages for frivolous appeal is without merit.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.